**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| CARLOS EDUARDO PEREZ, | ) | |
| ID # 33735-177, | ) | |
| Movant, | ) | No. 3:13-CV-0112-G (BH) |
| vs. | ) | No. 3:05-CR-0264-G (03) |
| | ) | |
| UNITED STATES OF AMERICA,[1] | ) | |
| Respondent. | ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order 3-251, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the motion to vacate, set aside, or correct his sentence should be **DENIED** with prejudice as barred by the statute of limitations.

**I. BACKGROUND**

Carlos Eduardo Perez ("Movant"), an inmate in the federal prison system, filed a habeas petition on the form for petitions filed pursuant to 28 U.S.C. § 2241 ("Mot."), along with a memorandum in support entitled *Petitioner, Mr. Carlos E. Perez, Memorandum of Law in Support of Petitioner Carlos E. Perez Petition for Writ of Habeas Corpus Under Title 28 U.S.C. § 2241*, both received on November 16, 2012.[2] Both documents refer to his conviction and sentence in Cause No. 3:05-CR-0264-G. (Mot. at 2; Mem. at 8).

On October 12, 2005, Movant was charged with conspiracy to distribute cocaine and methamphetamine in violation of 21 U.S.C. § 846, and conspiracy to launder monetary instruments

---

[1] Because movant challenges his federal conviction, the United States of America is substituted as the proper respondent in this case.

[2] Movant's motion was initially filed in the Lubbock Division and was transferred to the Dallas Division on January 9, 2013. (doc. 5).

in violation of 18 U.S.C. § 1956(h). (*See* doc. 1).[3] He pled guilty pursuant to a plea agreement to conspiracy to distribute cocaine and methamphetamine on January 3, 2006, and on March 28, 2006, he was sentenced to 120 months imprisonment, followed by a three-year term of supervised release. (docs. 162, 193, 298, 302).

Movant appealed his conviction, and the Fifth Circuit Court of Appeals dismissed the appeal for want of prosecution on June 2, 2006. *United States v. Perez*, No. 06-10404 (5th Cir. June 2, 2006). Movant did not file a petition for writ of certiorari with the United States Supreme Court, and he has not filed a motion to vacate his sentence under 28 U.S.C. § 2255.

## II. NATURE OF SUIT

Although movant used the form for habeas petitions filed under 28 U.S.C. § 2241, his claims that the appellate court violated his due process rights by dismissing his appeal, that his equal protection rights were violated during the trial process, that his plea was involuntary, and that he was entitled to a downward departure at sentencing properly arise under § 2255. (Mot. at 3-6). Section 2255 provides the primary means of "collaterally attacking a federal sentence" and is the appropriate remedy for "errors that occurred at or prior to the sentencing," whereas § 2241 is the proper procedural vehicle in which to raise an attack on "the manner in which a sentence is executed." *Padilla v. United States,* 416 F.3d 424, 425-426 (5th Cir. 2005) (internal quotations and citations omitted). A petition filed under § 2241 is not a substitute for a § 2255 motion. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).

A § 2241 petition that seeks to challenge the validity of a federal sentence, *i.e.*, by attacking errors that occurred at trial or sentencing, must either be dismissed or construed as a § 2255 motion.

---

[3] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:03-CR-139-N.

2

*See Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). However, if a petitioner establishes that the remedy provided under § 2255 is inadequate or ineffective to test the legality of his or her detention, a § 2241 petition that attacks custody resulting from a federally imposed sentence may be entertained under the "savings clause" of § 2255. *Padilla*, 416 F.3d at 426. That clause provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). "[T]he burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner." *Jeffers*, 253 F.3d at 830. A petitioner may not use § 2241 to avoid procedural hurdles presented under § 2255, such as the one-year statute of limitations, or the restriction on filing second or successive motions to vacate. *See Pack*, 218 F.3d at 453 (holding that neither a limitations bar nor successiveness make § 2255 ineffective or inadequate); *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000) (holding that successiveness does not make § 2255 ineffective or inadequate).

In order to show that § 2255 is either ineffective or inadequate to test the legality of his detention, movant must demonstrate that: (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was 'actually innocent' of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in prior § 2255 petition. *Christopher v. Miles*, 342 F.3d 378, 382 (5th Cir. 2003). Movant states he may pursue his claims under § 2241 under the savings clause (Mem. at 7-8), but he does not make any argument in support of this statement. Movant's filing is therefore construed as a motion to vacate under 28 U.S.C. § 2255 challenging his federal conviction and

sentence in that case. *See Pack*, 218 F.3d at 452.[4]

### III.  STATUTE OF LIMITATIONS

"[Section] 2255 establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United States*, 545 U.S. 353, 356 (2005). It states:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). With regard to § 2255(f)(1), movant's conviction became final on August 31, 2006, when the ninety-day period for filing a certiorari petition with the Supreme Court expired. *See Clay v. United States*, 537 U.S. 522, 527 (2003) (holding that "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires"); *United States v. Franks*, 397 Fed. App'x

---

[4] In *Castro v. United States*, 540 U.S. 375, 383 (2003), the Supreme Court held that where a district court re-characterizes a filing by a *pro se* defendant as a first motion to vacate, set aside, or correct sentence, the court "must notify . . . the litigant that this re-characterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or amend it so that it contains all the § 2255 claims he has." Here, because any future § 2255 motion would clearly be barred by the statute of limitations, the Court proceeds to construe the current filing as a § 2255 motion without the formal *Castro* notice.

95 (5th Cir. Oct. 6, 2010) (holding that a conviction becomes final when the ninety-day period for seeking a writ of certiorari expires, even where the appeal has been dismissed for lack of prosecution). Movant does not allege that government action prevented him from filing a § 2255 petition earlier, and he has not alleged any newly recognized right. Therefore, neither § 2255(f)(2) or (3) apply in this case.

In his motion, movant contends that the appellate court violated his due process rights by dismissing his appeal, that his equal protection rights were violated during the trial process, that his plea was involuntary, and that he was entitled to a downward departure at sentencing. Therefore, with regard to § 2255(f)(4), the facts supporting this claim became known or could have become known through the exercise of due diligence prior to the date movant's conviction became final. Because August 31, 2006, the date movant's conviction was final, is the latest of the dates under § 2255(f), the one-year statute of limitations began to run from that date. Because movant did not file his § 2255 motion until December of 2012, over six years after this date, his motion to vacate is untimely in the absence of equitable tolling.

"[T]he statute of limitations in § 2255 may be equitably tolled in 'rare and exceptional circumstances.'" *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998) (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). In the context of a habeas petition filed by s state prisoner, the Supreme Court has stated that a habeas petitioner is entitled to equitable

tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010), *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "[E]quity is not intended for those who sleep on their rights." *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989). Furthermore, movant bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Here, movant presents no argument or evidence that he diligently pursued his rights or that extraordinary circumstances prevented him from filing his motion to vacate earlier. Because movant has not met his burden to establish circumstances warranting equitable tolling, his motion to vacate should be denied as untimely.

### IV. RECOMMENDATION

The Court should find Movant's motion to vacate, set aside, or correct sentence barred by the statute of limitations and **DENY** it with prejudice.

**SIGNED this 11th day of January, 2013.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

Case 3:13-cv-00112-G-BH   Document 7   Filed 01/11/13   Page 7 of 7   PageID 69


## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE